IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE RUTH ALLEN-STRAIGHT, | § | |
| AKA BONNIE ALLEN THOMAS, | § | |
| #02446019, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-982-B-BK |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On March 19, 2024, Petitioner, a state inmate, initiated this action by filing a *writ of habeus corpus petition*. Doc. 2. The Court liberally construed the filing as a petition for habeas corpus under 28 U.S.C. § 2254, severed it from case number 3:24-CV-982-B-BK, and directed that it be filed in this new action. Doc. 4. As detailed here, the construed petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

### I. BACKGROUND

Petitioner was convicted of carrying a weapon in a prohibited place and sentenced to five years' community supervisory. On May 5, 2023, her community supervision was revoked. *See*

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

*State v. Thomas*, No. F50926 (18th Dist. Ct., Johnson Cnty., Tex., May 5, 2023). Online records indicate that Petitioner filed a notice of appeal and is representing herself in the appeal. *State v. Thomas*, No. 10-23-00137-CR (Tex. App.—Dallas).

Because Petitioner's direct appeal is pending, the Court concludes that her construed habeas petition is unexhausted and should be dismissed.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Courts may consider the exhaustion requirement *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v.*

*Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Petitioner has not satisfied the exhaustion requirement. A review of her construed § 2254 petition and the applicable online records confirm that a direct criminal appeal from the May 5, 2023 judgment revoking her supervised release is pending before the Texas Tenth Court of Appeals at Waco. Thus, it is clear that the Texas Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims and, thus, they remain unexhausted.

### III.  CONCLUSION

For these reasons, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[2]

**SO RECOMMENDED** on April 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to any habeas petition filed in this court. *See* 28 U.S.C. § 2244(d).

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).